IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARLENE TOMEL, #A4017655,<br><br>              Plaintiff,<br><br>     vs.<br><br>DALE ROSS, Hawaii County<br>Prosecuting Attorney, BETSY<br>STUELKE, Deputy Public<br>Defender, JUDGE ELIZABETH<br>STRANCE, PETER BERCHANI,<br>Public Defender, GOVERNOR<br>LINDA LINGLE, DANIEL<br>KAHIKINA AKAKA, Senator,<br>GENE TANAKA, BRADLEY MAUN,<br><br>              Defendants.<br>_____ | CIV. NO. 09-00489 SOM-LEK<br><br><br>ORDER DISMISSING ACTION<br>PURSUANT TO 28 U.S.C. § 1915;<br>EXHIBIT A |

## ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915

On October 9, 2009, pro se Plaintiff Darlene Tomel, brought this prisoner civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff asserts various claims relating to her recent state court criminal proceeding in Hawaii County. Plaintiff's Complaint and action are dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2).

### I. BACKGROUND

Before Plaintiff filed this action, she filed a similar complaint in Civ. No. 09-00195 HG. The first complaint alleged

---

[1]Tomel was incarcerated at the Hawaii Community Correctional Center ("HCCC") when she commenced this action. She has since been released. (See Doc. #6, Not. of Change of Address.)

violations against numerous defendants that allegedly occurred over the past five years, relating to Plaintiff's various arrests, prosecutions, and incarcerations in Maui and Hawaii Counties.  U.S. District Judge Helen Gillmor dismissed that complaint in a carefully worded Order, explaining in great detail the numerous deficiencies in each of Plaintiff's claims against each of the named defendants.[2]  Plaintiff was given leave to amend in Civ. No. 09-00195 HG, insofar as it was possible, and notified that a failure to cure the deficiencies in her claims would result in their dismissal with prejudice.  Plaintiff was also informed that, because her claims alleged wholly unconnected claims against wholly unrelated defendants, if she chose to amend, she was required to reallege certain claims in an amended complaint in Civ. No. 09-00195, and submit the remaining claims in at least two new complaints and actions.

Plaintiff heeded the court's direction, and the instant Complaint is her attempt to pursue a cause of action alleging claims regarding her recent state court criminal proceeding in Hawaii County.  Plaintiff claims that Peter Berchani, Betsy Stuelke, Dale Ross, Judge Elizabeth Strance, Glen Tanaka, Bradley Maun, and Duane "Dog" Chapman, are responsible for her claims

---

[2]For convenience, a copy of that Order is attached as Exhibit A, to the present Order.

challenging her criminal proceeding.[3] Plaintiff also asserts new claims against an unnamed postal employee who allegedly stole her veterans' benefit check, and against Hawaii Governor Linda Lingle and U.S. Senator Daniel K. Akaka, for failing to respond to her letters in 2003 and 2004, and for allegedly retaliating against her for contacting them.

The Complaint contains thirteen counts, although many are repetitive. Plaintiff claims that Ross, Berchani, Stuelke, and Strance failed to (1) protect her from double jeopardy and excessive bail; (2) protect her right to a speedy trial; and (3) dismiss her Hawaii County case under the applicable statute of limitation. (*See* Counts I-IV, VI-VIII.) Plaintiff claims that Stuelke (1) improperly requested that she be examined by a three-person mental health panel, pursuant to Hawaii Revised Statutes § 704-404; (2) told her that she was not protected under state and federal civil rights laws; and (3) verbally abused her. (*See* Counts V, VII, VIII.) Plaintiff claims that Berchani breached

---

[3]Plaintiff's complaints, here and in Civ. No. 09-00195, as well as available public records, reveal: Berchani is a public defender who apparently represented Plaintiff in Texas; Stuelke is the deputy public defender who represented Plaintiff in Hawaii County; Ross is the Hawaii County prosecutor who prosecuted Plaintiff; the Honorable Elizabeth A. Strance, Circuit Judge of the Third Circuit, Hawaii County, presided over Plaintiff's criminal proceeding; Tanaka and Maun are Hawaii County police detectives; and Duane "Dog" Chapman is the bounty hunter who may have helped effect Plaintiff's arrest in Washington state. Chapman and the unnamed postal employee were not named in the Complaint's caption; they are named in supplements to the Complaint, filed on October 19, 2009. (Docs. 4 & 5.)

3

her recent Hawaii County plea agreement by "forcing" her to pay court-ordered restitution, which will leave her with no funds on her release. (Count IX.) Plaintiff says that Lingle and Akaka are angry that she contacted them in 2003-04, and are now retaliating against her. (Count X.) Plaintiff claims that Tanaka and Maun told her that her police file and tapes were destroyed, and completed inaccurate investigative reports in her case. (*Id.*) Plaintiff alleges that Chapman "stalked" and followed her. (Unnumbered Count XI.) Finally, Plaintiff alleges that an unnamed U.S. Postal Service employee stole her disability check. (Counts XII, XIII.)

Plaintiff says that Defendants' actions have caused her humiliation, mental abuse, loss of reputation, and financial loss. She seeks a "fiduciary settlement."

## II. LEGAL STANDARD

Pursuant to the Prison Litigation Act of 1995 ("PLRA"), federal courts are required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a), § 1915(e)(2). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a

defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1-2), § 1915(e)(2).

A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to sufficiently allege the "grounds" of "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (dismissing civil rights complaint); *Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009). "[B]are assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim," for the purposes of ruling on a motion to dismiss, are not entitled to an assumption of truth. *See Iqbal*, 129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 555). These types of claims should not be disregarded because they are "unrealistic or nonsensical," but because they are simply legal conclusions, even if they "are cast in the form of a factual allegation." *Moss*, 572 F.3d at 969 (citing *Iqbal*, 129 S. Ct. at 1951).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common

sense." *Iqbal*, 129 S. Ct. at 1950. Even if a plaintiff's specific factual allegations may be consistent with a constitutional claim, the court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 127-29.

### III.  DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.  Claims Against Ross, Stuelke, Strance, Tanaka, Maun, and Chapman Are Dismissed.

Plaintiff's claims against Ross, Stuelke, Strance, Tanaka, Maun, and Chapman challenge actions allegedly taken while they investigated, arrested, defended, prosecuted, or adjudicated Plaintiff in her recent criminal proceeding in Hawaii County. There are several insurmountable obstacles to these claims, as was carefully explained to Plaintiff in the order dismissing her complaint in Civ. No. 09-00195 HG.

The Hawaii State Judiciary database,[4] in conjunction with the facts alleged in Plaintiff's Complaint, reveals that, on March 15, 2006, Plaintiff was indicted for Theft in the First Degree, in *State v. Tomel*, Cr. No. 3PC06-1-00071K (Hawaii County). A bench warrant issued, but Plaintiff was not arrested until February 2, 2009. Stuelke, Plaintiff's court-appointed attorney, moved successfully for a mental examination on May 14, 2009. Thereafter, Judge Strance found Plaintiff fit to proceed and reset her trial date. On September 1, 2009, Plaintiff pleaded no contest to the charge. On October 28, 2009, Plaintiff was sentenced to five years of probation and eighteen months of incarceration, with credit for time served and any remaining time suspended. Plaintiff was also ordered to pay restitution, extradition costs, probation fees, and DNA analysis fees, by direct withdrawal from Plaintiff's Veterans benefits. Plaintiff is no longer incarcerated.

### 1. *Younger Abstention and Heck v. Humphrey*

Plaintiff's claims may be barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). The

---

[4]The database is at http://hoohiki1.courts.state.hi.us/jud/Hoohiki. *See also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (holding a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Lee v. City of L.A.*, 250 F.3d 668, 689-690 (9th Cir. 2001) (court may take judicial notice of public records, such as a prior order or decision, but not the truth of the facts cited therein).

7

*Younger* abstention doctrine prevents a federal court from directly interfering with ongoing state criminal proceedings in most circumstances. *Younger* bars requests for declaratory and monetary relief for constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). *Younger* abstention continues to apply after conviction, while a case works its way through the state appellate process. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989).

If *Younger* abstention applies, a court must determine whether a stay or dismissal of the claims is appropriate. Claims for injunctive or declaratory relief are normally dismissed; claims for monetary damages may be stayed. *Juidice v. Vail*, 430 U.S. 327, 348 (1977); *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973); *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988).

It is unclear whether Plaintiff is pursuing an appeal of this conviction, as the time for appeal has not yet passed. If Plaintiff has or intends to appeal, the state proceeding is ongoing, and Plaintiff's claims are barred from federal review. Because Plaintiff was clearly informed about this possibility in Civ. No. 09-00195 HG, and her damages claims are precluded on other bases, the court will not stay these claims.

If Plaintiff has not appealed and does not intend to do so, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S.

477 (1994). "[T]o recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* 512 U.S. at 486-87. A determination on Plaintiff's claims against Ross, Stuelke, Strance, Tanaka, Maun, and Chapman (for his part in her arrest) would clearly call her recent Hawaii County conviction into question. These claims are DISMISSED without prejudice to refiling at the conclusion of any state appeal or post-conviction relief Plaintiff may be pursuing, subject to the further limitations discussed below.

### 2. *Judicial Immunity*

Judges, state and federal, are absolutely immune from liability for damages based on acts performed in their official capacities. *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986) (*en banc*). Judicial immunity applies no matter how "erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Id.* at 1074 (citing *Cleavinger v. Saxner*, 474 U.S. 193 (1985) (quotations omitted)). Judicial immunity is not affected "by the motives with which

their judicial acts are performed." *Ashelman*, 793 F.2d at 1077. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotations omitted).

Plaintiff's claims against Judge Strance relate to decisions Strance made during Plaintiff's criminal proceeding, which allegedly resulted in a violation of her speedy trial rights, double jeopardy, etc. Judge Strance is absolutely immune from liability for these decisions, and claims against her are DISMISSED with prejudice because amendment is futile.

### 3. *Prosecutorial Immunity*

Absolute prosecutorial immunity immunizes a prosecutor from damages liability pursuant to 42 U.S.C. § 1983 for actions taken in his or her role as a prosecutor. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity is based on "the nature of the function performed, not the identity of the actor who performed it." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (internal quotation marks and citation omitted). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for State, are entitled to the protections of absolute immunity." *Id.* (internal

quotation marks and citations omitted). On the other hand, "[w]hen a prosecutor performs the investigative functions normally performed by a detective or police officer," the prosecutor is entitled to only qualified immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Plaintiff's claims against Ross are based solely on actions and decisions that he took in the course of his role as an advocate for the State during Plaintiff's Hawaii County trial. Ross is absolutely immune from suit for damages and those claims are DISMISSED with prejudice because amendment is futile.

### 4. *Public Defenders*

When a public defender is acting in his role as an advocate, he or she is not acting under color of state law for purposes of § 1983 liability. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008). Plaintiff's claims against Stuelke all arise from her role as an advocate on Plaintiff's behalf. She was therefore not acting under color of state law. Plaintiff's claims against Stuelke are DISMISSED with prejudice because amendment is futile.

### 5. *Tanaka and Maun*

Plaintiff claims that Detectives Tanaka and Maun conducted an inaccurate investigation and told her that her file was destroyed. Plaintiff made a similar claim in Civ. No. 09-00195 against Officer Pa, alleging that Pa had authored an

11

inaccurate police report. As explained before, these types of claims do not constitute a constitutional violation. At most, Plaintiff alleges negligence against Tanaka and Maun, a claim that is not cognizable under § 1983. *See Strong v. Woodford*, 428 F. Supp. 2d 1082, 1085 (9th Cir. 2006) ("[A] negligent act by a person acting under color of state law does not rise to the level of a constitutional violation."). Moreover, Plaintiff pleaded no contest to her charges, admitting to and accepting responsibility for them, inaccurate investigation or not. Plaintiff's claims against Tanaka and Maun are DISMISSED without prejudice for failure to state a claim.

### 6. *Chapman*

Plaintiff claims that Chapman stalked her and is/was a threat to her safety. It is not clear whether Chapman apprehended her or had anything to do with her arrest and extradition. Plaintiff asserts a claim against him under 18 U.S.C. § 2261A.[5] (*See* Count XI.)

First, insofar as Plaintiff is claiming that Chapman falsely arrested her, that claim is barred by *Heck* until her conviction is overturned. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007) (stating that, when a plaintiff has been convicted, and the false-arrest claim would impugn that conviction, must be dismissed under *Heck*). Moreover, Plaintiff fails to allege that

---

[5]Section 2261A makes stalking a federal crime.

Chapman was acting under color of state law.[6] Plaintiff thus fails to state a claim against Chapman under § 1983. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003); *see also Price v. Hawaii*, 939 F.2d 702, 709 (9th Cir. 1991) (finding dismissal of private appellees was proper "since there was no sufficient pleading that the private appellees were acting under color of state law"). Even if Chapman was acting under color of state law, Plaintiff still fails to identify any "federally protected civil right" that Chapman allegedly violated. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 685 (1978).

Second, insofar as Plaintiff alleges a cause of action against Chapman under 18 U.S.C. § 2261A, that claim fails. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Additionally, the violation of a federal criminal statute rarely provides for a private cause of action. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). To imply a private right of action, there must be "'a statutory basis for inferring that a civil cause of action of some sort lay in favor

---

[6]Generally, bounty hunters and bail bondsmen are not state actors for purposes of § 1983. *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 558 (9th Cir. 1974) (en banc) (holding that, when a bondsman is acting solely on his own behalf in effectuating an arrest without the assistance of law enforcement, he is not considered to be acting under the color of state law).

of someone.'" *Chrysler Corp.*, 441 U.S. at 316 (quoting *Cort v. Ash*, 422 U.S. 66, 79(1975)).

Section 2261A is a federal criminal statute; its violation incurs imprisonment or fines. *See* 18 U.S.C. § 2261(b). It is clear that § 2261A creates no private right of recovery. *See* 18 U.S.C. § 2261A. Plaintiff's claim against Chapman under § 2261A fails to state a claim and is DISMISSED with prejudice. Insofar as Plaintiff's claim against Chapman relates to his part (if any) in her Hawaii County conviction, it is DISMISSED without prejudice to refiling after her conviction has been overturned.

### B. Claims Against Defendants Berchani, Lingle, Akaka, and the Unnamed Postal Employee are Dismissed.

#### 1. *Berchani*

Plaintiff alleges that Berchani caused her to breach her plea agreement by "forcing" her to pay the amounts required by the plea agreement. First, a breach of contract claim is not cognizable under § 1983; it is a state law cause of action.

Second, Berchani is not a party to the plea agreement between Plaintiff and the State of Hawaii; if there has been a breach, it is Plaintiff's breach, not Berchani's. Moreover, Plaintiff admits that she pleaded no contest and agreed to pay $25,000 in restitution, at a rate of $600 per month. (Count IX.) Berchani could not violate Plaintiff's constitutional rights by "requiring" her to do what she agreed to do: pay restitution.

Finally, insofar as Plaintiff seeks supplemental jurisdiction of this claim, the court declines to exercise such jurisdiction given its dismissal of all of Plaintiff's claims. *See* 28 U.S.C. § 1367(c). Insofar as Plaintiff brings this "breach of contract" claim under diversity jurisdiction, based on Berchani's alleged Texas citizenship, it fails because the amount in question is below $75,000, and there is not complete diversity of the parties. *See* 28 U.S.C. § 1332. Plaintiff's claims against Berchani are DISMISSED without prejudice.

2.   **Unnamed Postal Worker**

Plaintiff alleges that an unnamed postal employee stole her mail. She seeks relief under 18 U.S.C. § 1709.[7] Again, this is a federal criminal statute. The court has reviewed § 1709 and there is no indication that civil enforcement is available. *Cort*, 422 U.S. at 79-80; *Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n*, 739 F.2d 1467, 1469-70 (9th Cir. 1984). Plaintiff fails to state a claim against the unnamed postal employee and this claim is DISMISSED with prejudice.

3.   *Governor Lingle and Senator Akaka*

Plaintiff alleges that Lingle and Akaka refused to help her in 2003 or 2004, when she informed them of her claims of

---

[7]Section 1709 is a criminal statute making it a federal crime for any postal employee to steal, abstract, or remove from any letter that comes into his possession intended to be conveyed by mail, any article or thing contained therein.

harassment, robbery, and rape. She claims that Lingle and Akaka are now "mad" at her and are retaliating against her.

"A supervisor is only liable [under § 1983] for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under Section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (internal citations omitted). There must be sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991). When a plaintiff seeks to hold a supervisor liable for damages, the inquiry into causation must be individualized and must focus on the duties and responsibilities of each individual defendant. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Lingle's and Akaka's duties and responsibilities do not include personally intervening with the police on an individual's behalf. "Public officials do not have a free-floating obligation to put things to rights[.]" *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (stating that simply because a prisoner writes letters to the governor and others, informing them of his claims and demanding investigation, this does not create liability against those officials). Nor were Lingle or Akaka personally involved in Plaintiff's claims against the police; respondeat

superior cannot form the basis for liability under § 1983. *Rizzo v. Goode*, 423 U.S. 362 (1976).

Plaintiff also fails to provide any facts supporting her claim that Lingle or Akaka have "retaliated" against her. *See* Fed. R. Civ. P. 8; *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996) ("All that is required [by Fed. R. Civ. P. 8(a)] is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'") (citation omitted). Plaintiff's claims against Lingle and Akaka are DISMISSED.

## IV.  CONCLUSION

The Complaint is DISMISSED for failure to state a claim. Because Plaintiff was given notice of the specific deficiencies of most of these claims in Civ. No. 09-00195, and has realleged them without curing their defects, and because amendment is futile for her remaining claims, this dismissal is WITH PREJUDICE except insofar as dismissal without prejudice is specifically provided for in this order. The Clerk SHALL enter judgment stating that this dismissal may constitute a "strike" under 28 U.S.C. § 1915(g).

```
IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 13, 2009.
```



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Tomel v. Ross, et al., Civ No. 09-00489 SOM;; prose attys/Screening/dmp/2009/Tomel 09-489 (FTSC)1